■ Israel Rosenberg et al., Infants, by Their Mother and Natural Guardian, Miriam Rosenberg, et al., Respondents, v Russell A. Scaringi, Defendant, and General Electric Capital Auto Lease, Inc., Also Known as General Electric Capital Auto Financial Services, Inc., Appellant. [719 NYS2d 559] —Orders, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about March 8, May 5 and July 18, 2000, which, in an action by three children to recover for personal injuries sustained when they were struck by defendant-appellant's automobile, *inter alia*, denied defendant's motions, namely: to compel one of the children to submit to a psychiatric examination, to compel the nonparty deposition of the children's father, and to preclude plaintiffs from introducing any psychiatric testimony at trial, respectively, unanimously affirmed, without costs.

Defendant's motion to compel a psychiatric evaluation of the subject child was properly denied as belated and unnecessary. Defendant was or should have been aware of the child's claim for psychiatric injuries long before it took his deposition, having been provided at the outset of the litigation with authorizations for the records of the various hospitals in which the child was treated, which records included a physician's psychiatric evaluation. Notice of such claim was also given in plaintiffs' bill of particulars, which was provided some two months before the preliminary conference at which the child's deposition, and ensuing examinations by the neurologist and orthopedist identified in defendant's previously served notice of physical examination, were so-ordered. Defendant should have urged, at the preliminary conference, that a proper evaluation of the child required that he be examined by a psychiatrist as well as a neurologist.

We also note that defendant's neurologist, who in fact did examine the child shortly after the child's deposition, prepared a report that was replete with comments about the child's psychiatric condition, and, in an expert witness exchange, was described by defendant as prepared to testify as to "care, treatment, diagnosis, prognosis of any and all physical as well as emotional, psychological and/or psychiatric disorders, conditions or syndromes." Thus, it also appears that an examination by a psychiatrist would be cumulative.

In view of the foregoing, defendant's motion to preclude plaintiffs from offering expert evidence as to the child's psychiatric condition was also properly denied. Nor did defendant show any unusual or unanticipated circumstances warranting the deposition of the children's father after the filing of the note of issue (22 NYCRR 202.21 [d]; see, Karr v Brant Lake Camp, 265 AD2d 184). Concur—Williams, J. P., Andrias, Lerner, Saxe and Buckley, JJ.